JS-6   O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0905-DOC (JPRx)                                 Date:  March 24, 2014

Title: FUTURE ADS LLC v. JONATHAN L. GILLMAN, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO STAY CASE [43]**

Before the Court is Defendant Omniangle Technologies LLC's Motion to Stay Case ("Motion" or "Mot.") (Dkt. 43).  After considering the Motion, opposition, reply, and all exhibits attached thereto, the Court hereby GRANTS the Motion.

**I.   BACKGROUND**

The facts of this case were summarized in this Court's previous dismissal order and they will not be recited in detail here.  *See* Order, December 23, 2013 (Dkt. 37).  In short, Plaintiff brought suit against Defendants for their statements characterizing Plaintiff's products as "adware" and "potential violations" of federal and state regulations.

Defendants moved to strike under California's anti-SLAPP statute and, in the alternative, dismiss.  *See* Motion to Strike, August 1, 2013 (Dkt. 17).  The Court denied the motion to strike as to all claims, holding that although Defendants showed that their statements fell within the ambit of California's anti-SLAPP statute, Plaintiff satisfactorily showed—through its opposing affidavits—a probability of prevailing on the claims.  *See* Order, December 23, 2013 at 2-9.  However, the Court granted the motion to dismiss as to all claims because courts are ordinarily limited to the contents of the complaint when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0905-DOC (JPRx)                                                          Date: March 24, 2014

Page 2

considering a motion to dismiss. *Id.* at 9-11 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994)).

Defendants appealed the Court's denial of the motion to strike. Notice of Appeal (Dkt. 38). Now, they have moved to stay the case. *See generally* Mot.

## II. DISCUSSION

Plaintiff's main argument is that the Court should stay only trial, and not pretrial and case management issues, including discovery. *See* Opp'n at 6-8.[1] The Court disagrees.

Denials of anti-SLAPP motions to strike constitute collateral orders that are immediately appealable. *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010). The notice of appeal divests a district court "of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Therefore, an "appeal imposes an automatic stay of all proceedings related to the issues raised in its anti-SLAPP motion to strike." *In re NCAA Student-Athlete Name & Likeness Litig.*, No. C 09-1967, 2010 U.S. Dist. LEXIS 139724, at *13 (Dec. 17, 2010) (citing *All One God Faith, Inc. v. Hain Celestial Group, Inc.*, 2009 U.S. Dist. LEXIS 115928, at *2 n.2 (N.D. Cal. Dec. 14, 2009)).

Plaintiff is correct that stays are limited. However, a stay is limited to the claim or issue that is appealed, not limited to the stage of litigation. *See Griggs*, 459 U.S. at 58. Here, Defendants moved to strike all of Plaintiff's claims and the Court denied the motion to strike in its entirety. Order, December 23, 2014. Therefore, Defendants' appeal applies to every claim, i.e. aspect, of this action. *See Griggs*, 459 U.S. at 58.

When a denial of an anti-SLAPP motion as to a particular claim is appealed, most district courts counsel a stay of all proceedings related to that claim. *See, e.g.*, *Makaeff v. Trump Univ., LLC,* No. 10-CV-940, 2011 U.S. Dist. LEXIS 13603 (S.D. Cal. Feb. 11, 2011); *In re NCAA*, 2010 U.S. Dist. LEXIS 139724; *All One God Faith*, 2009 U.S. Dist. LEXIS 115928; *Moser v. Encore Capital Group, Inc.*, No. 04-CV-2085, 2007 U.S. Dist. LEXIS 22970 (S.D. Cal. March 29, 2007).

This Court follows suit. Defendants' Motion is GRANTED. All further proceedings, including discovery, are STAYED pending the outcome of Defendants'

---

[1] Plaintiff's argument regarding non-compliance with Local Rule 7-3 is unavailing. The Court finds that Defendants "substantially complied" with Local Rule 7-3 on January 10, 2014.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0905-DOC (JPRx)                                      Date: March 24, 2014

                                                                                              Page 3

appeal.  Furthermore, all pending motions and dates are VACATED.  Finally, parties are ORDERED to move the Court to lift the stay within 30 days of a decision from the Ninth Circuit Court of Appeals.

    The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                      Initials of Deputy Clerk: jcb
CIVIL-GEN